FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 09 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARSHALL & SWIFT, L.P. d/b/a
MARSHALL & SWIFT/BOECKH,

    Plaintiff,

v.

CRAWFORD & COMPANY,

    Defendant.

CIVIL ACTION

NO. 1:03-CV-3766-RLV

## O R D E R

This matter is currently before the court on Crawford & Company's ("Crawford") motion for reconsideration and clarification [Doc. No. 59], motion for a Federal Rules of Civil Procedure Rule 16 pretrial conference [Doc. No. 69], motion for extension of time to complete discovery [Doc. No. 79], and Marshall & Swift/Boeckh's ("MSB") motion for a protective order to quash a corporate deposition [Doc. No. 61]. Also pending are the parties' cross-motions for summary judgment [Doc. Nos. 60 and 71].

By order dated July 6, 2005, the court denied Crawford's motion for summary judgment and granted in part and denied in part MSB's motion for summary judgment. In that order, this court stated:

> However, because of the technical nature of investigating whether the defendant continues to use the plaintiff's software, this court will extend discovery for an additional six months from the date this order is docketed to allow the plaintiff ample opportunity to explore any additional relevant discoverable material limited to Crawford's continued use of its software after November 30, 2002.

By this court's order dated September 29, 2005, the court denied Crawford's motion to serve additional interrogatories on MSB which called for the identification of adjusters employed by Crawford, "actionvacationist," and other representatives employed by MSB [Doc. No. 57]. This court denied Crawford's motion because it appeared that Crawford's interrogatories did not to relate to Crawford's continued use of the subject software after November 30, 2002.

### A. Crawford's Motion for Reconsideration and Clarification

On November 15, 2005, Crawford filed a motion for reconsideration and clarification requesting that this court clarify and reconsider its prior orders dated July 6, 2005, and September 29, 2005, with regard to Crawford's participation in the discovery process. MSB argues that Crawford's motion for reconsideration was untimely filed since the motion was filed more than 10 days after the entry of either order.[1] On this point, the court agrees. Therefore, the portion of Crawford's motion which

---

[1] Local Rule 7.2(E) provides:

Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within ten (10) days after entry of the order or judgment. Responses shall be filed not later than ten (10) days after service of the motion. Parties and attorneys for the parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration.

2

calls for this court to reconsider its prior orders is denied as untimely. However, a review of the record reveals that Crawford's motion for clarification has merit.

In its motion for clarification, Crawford requests clarification into whether it is permitted to engage in the discovery extended by this court's July 6, 2005, order. With regard to the specific ambiguities contained in this court's prior orders, Crawford states: (1) this court's September 29, 2005, order reflects a misunderstanding of Crawford's intent and the purpose behind its motion requesting the identification of adjusters employed by Crawford, "actionvacationist," and other representatives employed by MSB and (2) the court's order dated July 6, 2005, which extended discovery was meant to allow Crawford, as well as MSB, to participate in the discovery process. On both of these points, the court agrees.

Admittedly significant confusion has been created by the following passage of this court's July 6, 2005, order:

> [T]his court will extend discovery for an additional six months from the date this order is docketed to allow the plaintiff ample opportunity to explore any additional relevant discoverable material limited to Crawford's continued use of its software after November 30, 2002.

It was the court's intention that both parties, not just the plaintiff, would have the opportunity to explore any additional relevant discovery related to Crawford's continued use of MSB's software after November 30, 2002. Therefore, the term "the

3

plaintiff" in the above passage from this court's July 6, 2005, order should read "the parties." Such substitution reflects the court's original intention for <u>both parties</u> to engage in discovery related to Crawford's usage of MSB's software as well as to the damages, if any, caused by Crawford's continued use of MSB's software.

With regard to the second ambiguity cited by Crawford, Crawford states that it filed its previous motion for additional discovery, which was denied by this court because it exceeded the number of interrogatories permitted by the local rules. In its current motion for reconsideration and clarification, Crawford states that its purported purpose for requesting leave of this court to file three interrogatories was to explore MSB's allegations that it had accessed and used the Intregri-Claim software after November 30, 2002. Previously misunderstanding the intent and purpose behind Crawford's motion, this court denied Crawford's motion for additional discovery. Now having been more fully and clearly informed of the purpose and intent behind Crawford's prior request, the court concludes that Crawford's request to serve interrogatories on MSB was in fact related to Crawford's usage of MSB's software; therefore the court will allow those interrogatories.

In its current motion for reconsideration and clarification, Crawford states:

4

[MSB] did produce a spreadsheet in mid October with the names of individuals who purportedly gained access to the software on behalf of Crawford after November 30, 2002. However, [MSB] provided no supporting documentation or source date to support the information contained on the spreadsheet.[2]

Furthermore according to Crawford, after its prior motion requesting additional discovery and the entry of this court's order of September 29, 2005, denying said motion, MSB produced an additional spreadsheet documenting Crawford's use of MSB's software after November 30, 2002.[3] Now, Crawford requests that this court allow it to

> send interrogatories to [MSB] to explore their claim of damages, take depositions of persons who may have relevant knowledge on the usage of the product by Crawford & Company, to inspect and examine "a computation of any category of damages claimed by you," inspect and examine "materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under

---

[2] According to Crawford,

Of the one hundred nineteen (119) persons listed on the spreadsheet, thirteen (13) persons have never been employed by Crawford and Crawford has no knowledge of their purported relationship with them. Thirty-Two (32) of the persons listed left their employment with Crawford prior to November 30, 2002. One listed individual, Brad Bennett, who is believed to be Clifford B. Bennett, left the employ of Crawford on March 11, 1995, yet the spread sheet shows he last used the MSB software in June of 2005. Todd Anderson was listed as last using the software in March of 2004, but he left the company on November 30, 1999. There are other multiple errors in the spreadsheet.

[3] The record reflects that there are at least two spreadsheets documenting Crawford's use of MSB's software after November 30, 2002.

5

Fed. R. Civ.P. 34," and to be allowed to conduct other discovery, such as taking a 30(b)(6) deposition and requiring production of documents pursuant to Fed. R. Civ. P. 30(b)(5).

Specifically, Crawford request the opportunity to engage in discovery in order to rebut MSB's evidence of Crawford's usage documented in the spreadsheets submitted by MSB.  Furthermore, Crawford would like to explore MSB's source data for the entries on the spreadsheets.

Having considered Crawford's motion, the court concludes that its prior orders contained ambiguities related to the scope of discovery as well as to whether Crawford would be allowed to participate in discovery process.  As previously stated, it has always been the court's intention to allow Crawford to engage in limited discovery relating to and/or rebutting MSB's allegations of Crawford's continued use of MSB's software after November 30, 2002. Moreover, the court intended to allow <u>both</u> parties to conduct limited discovery relating to MSB's damages, if any, resulting from Crawford's continued use of MSB's software.  For these reasons, the court grants Crawford's motion for clarification and allows Crawford and MSB to engage in the type of discovery requested by Crawford in its motion for clarification discussed above.

### B. MSB's Motion for Protective Order as to Crawford's Deposition Notice

On November 24, 2005, MSB filed a motion for a protective order [Doc. No. 61] seeking to quash a notice of deposition served

on November 15, 2005, for a corporate deposition of MSB to occur on November 28, 2005. According to MSB, the court "did not open discovery for Crawford to engage in additional discovery. Crawford certainly could have sought discovery as to its unlawful usage during the original discovery period." Furthermore, MSB argues considering this court's denial of Crawford's previous request for additional discovery, the deposition of MSB requested by Crawford also should not take place. According to MSB, Crawford's notice of deposition not only seeks to inquire about areas previously rejected by the court, but also seeks the production of documents. Lastly according to MSB, Crawford failed to comply with Rule 30(b)(5) because Crawford did not give MSB the required 30-days' notice to produce certain documents.

In its response to MSB's motion for a protective order, Crawford argues:

> [s]ince the issuance of a latchkey or password is the critical element to determining whether a user can access the software, Crawford cannot defend the claims for damages without having the source date to prove that an actual latchkey was given to a particular adjuster after November 30, 2002. The discovery of this critical information is the entire purpose for the deposition of the corporate representative of MSB. It is altogether possible that more depositions will have to be taken if the individual designated to testify is unable to give adequate explanations regarding the issuance of the latchkeys or the explanation as to why a software company would give out latchkeys without invoicing the customer/user for the privilege of accessing purportedly propriety software.

Considering the court's ruling on the Crawford's motion for reconsideration and clarification, the court denies MSB's motion for a protective order. Crawford's deposition of MSB serves an important function in this litigation because the information sought by Crawford can aid both the court and the parties in resolving the few outstanding issues in this case.

In MSB's motion for a protective order, MSB stated it was "willing to sit for a deposition to describe its investigation for post-termination usage." The court will allow Crawford to depose MSB on this issue. Additionally, the court will allow Crawford to depose MSB on the issue of the damages, if any, MSB incurred as the result of Crawford's alleged usage after November 30, 2002. However, the court notes that if Crawford renews its notice of deposition of MSB after the issuance of this order, Crawford is required to give MSB at least 30-days' notice to produce any documents requested by Crawford.

For the forgoing reasons, Crawford's motion for reconsideration and clarification is DENIED in part and GRANTED in part [Doc. No. 59]; MSB's motion for a protective order is DENIED [Doc. No. 61]; Crawford's motion for a Rule 16 pretrial conference is DISMISSED as moot [Doc. No. 69];[4] Crawford's motion for an

---

[4] Having reviewed Crawford's motion for a pretrial conference, the court concludes that a pretrial conference might be appropriate after the close of discovery on April 5, 2006. The parties are required to submit a joint status report no more than 10 days after the close of discovery to inform the court of the status of this

8

extension of time to complete discovery through April 5, 2006, is GRANTED [Doc. No. 79]. Lastly, the parties' cross-motions for summary judgment [Doc. Nos. 60 and 71] are STAYED pending the close of discovery.

SO ORDERED, this 9th day of February, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge

---

case and to inform the court whether a pretrial conference is needed at that time. Additionally, after the close of discovery, the parties might be inclined to either supplement, substitute, or withdraw the pending cross-motions for summary judgment. Furthermore, the parties are to inform the court whether mediation would be a mutually agreeable option to resolve the outstanding issues in this case.